By the Court.—Curtis, J.
The motion is made on the ground that the notice of appeal was not served until the day after the expiration of the thirty days within *295 -which the defendants could appeal after the written notice of the judgment had been given them, pursuant to section 332 of the Code.
It is claimed that the notice of judgment was served on the appellants the 29th of July, 1873. The defendant’ s time to serve a case and exceptions was extended by various consents until September 8th, when defendants served their proposed case. August 29th the defendants served their notice of appeal, which was returned to them August 30th, as having been served “too late.”
The affidavit of the defendants’ attorney denies that notice of the entry of the judgment was served personally upon him on the 29th of July, 1873, and alleges that as he is informed and believes, a notice of that character was found in his office after that day, among miscellaneous papers, which, if left on that day, must have been thrown through the fan-light above the entrance to his office, after it was closed for the day and found by the janitor of the building, and then denies that such notice was received by deponent through the mail or served at his residence or otherwise than as above stated.
On referring to the affidavit of the person who it is claimed served the notice of entry of judgment on the -defendants, it appears to be rather loosely expressed. It describes the paper served as “the foregoing notice of appeal,” and as being served July 29th, 1873, five minutes before four o’ clock p.m., on defendants’ attorney, by leaving a true copy in a conspicuous place in his office, he being absent at the time, and there being no person there. A notice of the entry of judgment precedes this affidavit. The affidavit does not state whether the office of the defendant was open at the time of such service. It was stated on the argument that this affidavit could not be amended, by reason of the absence of the person making it.
*296 The law does not intend that a party shall be deprived of Ms right to appeal without being apprised of it. He has thirty days in which to take his appeal after-written notice of the judgment “ shall have been given ” him. The courts have held that this requirement of section 333 of the Code, calls for an adherence to strict rules and practice. Ho vague, or implied, or oral notice or imperfect service of notice should take effect to divest a party of a right that may be of the utmost importance (Yorks v. Peck, 17 How. P. R. 192; Fry v. Bennett, 7 Abbott P. R. 352).
The provision of the Code (§ 409) respecting service of notices upon an attorney, requires service at the attorneys’ residence when his office is not open so as to admit of such service. This is in accordance with the practice which prevailed before the adoption of the Code, where it was held that putting a paper under the door when the office was shut and locked, or unlocking the door and leaving the paper in the office, was not a good service (Norton v. Pray, 2 Wen. 626; Anon, 18 Wen. 578; Campbell v. Spencer, 1 How. P. R. 199). The language of this provision of the Code appears to have been taken in this respect from the rules of the Supreme Court formerly in force. In the 18th Wen. (578), Judge Brohson defines that the service of papers by leaving in a conspicious place in an office “clearly contemplates a case where the office is open.”
It is clear that if the notice was served by being thrown through the fan-light over the office door, as claimed by the defendants’ attorney, it was not such a service as accords with the practice and the provisions of sections 333 and 409 of the Code. But whatever may have been the manner in which this notice of entry of judgment may have been served, there fails to appear that satisfactory proof of service that justifies the holding that the defendants had lost their right to appeal .at the time when they served their notice of appeal.
*297 The motion to dismiss the appeal should "be denied, with costs of motion to the defendants to abide the event.